UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL "CRAIG" DUNN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-3253-CV-S-DW |
| | ) | |
| AMERICAN FEDERATION OF | ) | |
| GOVERNMENT EMPLOYEES, | ) | |
| LOCAL 1612, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. 7). Plaintiff did not file a response to the motion and has failed to respond to the Court's Order to show cause why Defendant's motion should not be granted (Doc. 10). After a careful review of the record, the Court grants the motion and dismisses the plaintiff's claim.

Plaintiff filed a *pro se* complaint against the American Federation of Government Employees (AFGE) Local 1612 asserting, in essence, a breach of the duty of fair representation owed to Plaintiff. He alleges that the AFGE negligently handled his arbitration regarding his termination from federal service, and as a result, Plaintiff was denied a chance to appeal his termination.

Defendant argues that the motion should be dismissed based on lack of subject matter jurisdiction. Congress has vested exclusive enforcement authority over a union's duty of fair representation of federal employees in the Federal Labor Relations Authority (FLRA). In <u>Karahalios v. Federal Employees</u>, 489 U.S. 527 (1989), the Supreme Court held that the district

courts do not have jurisdiction over a private cause of action by federal employees for a union's breach of its statutory duty of fair representation. See also Montplaisir v. Leighton, 875 F.2d 1 (1st Cir. 1989); Warren v. Local 1759, AFGE, 764 F.2d 1395 (11th Cir. 1985). Accordingly, Plaintiff's exclusive scheme for remedying any negligent acts by the Defendant lies under the FLRA.

The Defendant has also pointed to several additional bases for dismissal of the action against it. However, as the Court finds that it lacks subject matter jurisdiction, the court declines to address the merits of such additional argument.

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim. Therefore, it is hereby ORDERED that Defendant AFGE's Motion to Dismiss is GRANTED. The Clerk of the Court shall mark this case as closed.

SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: May 25, 2005